**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4779**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

NICHOLAS RANDOLPH KELLAM,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00043-WLO)

———————

Submitted:  March 30, 2007          Decided:  April 16, 2007

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Walter L. Jones, JONES, FREE & KNIGHT, PLLC, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Randolph Kellam was convicted of two counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1) (2000), and sentenced to concurrent 120-month prison terms. He now appeals his conviction. We affirm.

At trial, Nancy Love Foye testified that her husband, Edward, was incarcerated on federal drug charges. Based on a discussion with her husband and in an effort to obtain a reduction of his prison term, Nancy contacted Kellam and expressed her interest in purchasing cocaine base from him. She then informed authorities that she was willing to provide them with evidence of Kellam's drug dealing. The authorities accepted her offer, and she completed two controlled buys of cocaine base from Kellam.

During closing argument, defense counsel commented on the fact that the United States did not call Edward Foye to testify. Counsel stated that the evidence suggested that Foye and Kellam were in the drug business together. The district court sustained the United States' objection to these statements and instructed the jury that "whether Mr. Foye was involved in a previous drug connection is not for you to determine. . . . What is at issue here is whether Mrs. Foye . . . did the things which . . . cause you to believe that the defendant committed the crimes with which he is charged."

On appeal, Kellam claims that, in sustaining the objection, the district court deprived him of a fair trial. We disagree. Generally, to properly comment on a missing witness, the party failing to call the witness must have it peculiarly within its power to call the witness and the witness must be able to elucidate issues relevant to trial. United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir. 1991).

Here, the district court did not abuse its discretion in sustaining the objection. First, Edward Foye was equally available to each side and could have been subpoenaed to appear. Second, his testimony would not have shed light on the issue of whether Kellam sold drugs to Nancy Foye on two occasions in 2005.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED